**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-02790

JOHN P. WILL,

    Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.

**CLASS ACTION COMPLAINT**

NOW COMES the Plaintiff, JOHN P. WILL ("Plaintiff"), by and through his attorneys James C. Vlahakis and Omar T. Sulaiman, of the SULAIMAN LAW GROUP, LTD, and complaining of the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("PRA" or "Defendant") alleges the following:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action pursuant to the FDCPA to redress certain false and deceptive statements contained in a letter dated March 13, 2018, that Defendant sent to Plaintiff to collect a debt that Plaintiff is alleged to have originally owed to FIA Card Services N.A./Bank of America N.A. in the amount of $7,084.52 ("Subject Time-Barred Debt").

2.  A true and accurate copy of the March 13, 2018, letter Collection Letter is attached as Exhibit A.

3.  The Collection Letter informed Plaintiff that Defendant is the current creditor of the debt.

4.  The Collection Letter is misleading or confusing on its face.

1

5. The State of Colorado has a six statute of limitations that applies to prohibit the filing of lawsuits more than six years after the last payment made by a person. *See* CO Rev Stat § 13-80-103.5 (2016).

6. When Defendant sent Plaintiff the Collection Letter, the six-year statute of limitations under Colorado law had expired because the last payment Plaintiff made on the Subject Debt was more than six years from the date of the Collection Letter.

7. When Defendant sent Plaintiff the Collection Letter, Plaintiff had no legal responsibility to pay that stale debt and could face no legal liability whatsoever if he refused to pay it.

8. The following two sentences of the Collection Letter violate the FDCPA: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it . . . ."

9. The Collection Letter violates Section 1692e(2) of the FDCPA because the quoted language falsely represents the character and legal status of the Subject Time-Barred Debt.

10. The Collection Letter falsely represents the character and legal status of the Subject Time-Barred Debt because the quoted language does not contain a *truthful* representation regarding the character and legal status of the Subject Time-Barred Debt.

11. Defendant violated 15 U.S.C. §1692f by employing unfair means to collect the Subject Time-Barred Debt from Plaintiff.

12. It is unfair for Defendant to fail to inform Plaintiff that choosing any of the repayment options would restart the statutory period for another creditor or debt collector if the debt were to be sold.

## PARTIES, JURISDICTION AND VENUE

13. Plaintiff is a natural person residing in the District of Colorado and is a "consumer" as defined by the FDCPA. *See* 15 U.S.C. 1692a(3).

14. Defendant is incorporated in the State of Delaware and its principal place of business is located at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502.

15. Defendant, purchases, collects and services delinquent consumer debts for others, including a debt allegedly owed by Plaintiff.

16. The Subject Time-Barred Debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction for personal, family, or household purposes.

17. PRA is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephone to collect delinquent consumer accounts and because its collection activities commenced after the Subject Time-Barred Debt was in default.

18. Subject matter jurisdiction is conferred by 15 U.S.C. §1692k, 28 U.S.C. §§ 1331, 1337, as this action arises under the laws of the United States.

19. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

20. Defendant conducts business in the District of Colorado and all of the events or omissions giving rise to the claim occurred within the District of Colorado.

## FACTS RELATED TO COLLECTION LETTER

21. The Subject Time-Barred Debt was for personal goods and services.

22. Defendant acquired the right to collect the Subject Time-Barred Debt sometime after Plaintiff defaulted on the Subject Time-Barred Debt.

23. The statute of limitations period in Colorado for filing suit to collect on the Subject Time-Barred Debt had long expired when Plaintiff received the Collection Letter.

24. The Collection Letter listed "FIA CARD SERVICES N.A." as the "Seller", "BANK OF AMERICA" as the "Merchant", and PRA as the current "Creditor to Whom the Debt is Owed." *See* Exhibit A.

25. The Collection Letter claims that Plaintiff owes Defendant of $7,084.52.

26. The Collection Letter offers three different "Account Offers".

27. Each of the three Account Offers were characterized as a "Savings Plan".

28. The first Savings Plan offer was for a single payment of $4,604.94, which purported to save Plaintiff $2,479.58.

29. The second Savings Plan offer consisted of a payment amount of $396.33 over 12 consecutive months.

30. The second Savings Plan offer purportedly saved Plaintiff $2,328.56.

31. The third Savings Plan offer consisted of a payment amount of $204.09 over 24 consecutive months.

32. The third Savings Plan offer purportedly saved Plaintiff $2,186.38

33. The Collection Letter lists April 27, 2018, as the payment deadline for whichever option he chooses.

34. Below the three Savings Plan offer, the Collection Letter says "The law limits how long you can be sued on a debt. Because of the age of your debt, *we will not sue you for it.*" (*emphasis added*) Id.

35. The Collection Letter does not identify the date when Defendant purchased or otherwise acquired the Subject Time-Barred Debt.

36. The Collection Letter does not identify the last date when Plaintiff made a payment toward the Subject Time-Barred Debt.

37. The Collection Letter does not identify that the statute of limitations to collect debts in Colorado is six (6) years.

38. The Collection Letter also included a payment coupon instructing Plaintiff to list the payment amount. *Id.*

39. Defendant phrased and formatted all parts of the March 13, 2018, Collection Letter to encourage and entice Plaintiff into paying a portion of the Subject Time-Barred Debt.

40. The Collection Letter is false, deceptive, and misleading on its face.

41. The "Savings Plan" options were included on the Collection Letter and thousands like it to encourage and/or entice persons into paying a debt that Defendant knew it could not sue the debtor to pay because the applicable statute of limitation had expired.

42. The Collection Letter's language concerning the words "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it" does not convey the same definitiveness as to the ability of Defendant being able to sue Plaintiff as the following modified words "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, *we **cannot** sue you for it.*"

43. The Collection Letter's language concerning the words "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it" does not convey the same understanding of Plaintiff's legal rights relative to the age of the debt and Defendant's ability to sue him for it as the following modified words

5

"[t]he law limits how long you can be sued on a debt. Because of the age of your debt, *we **cannot** sue you for it.*"

44. The Collection Letter's language concerning the words "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it" does not convey the same meaning to an unsophisticated consumer regarding his or her legal rights as the following modified words "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, *we **cannot** sue you for it.*"

45. The words "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it" led and reasonably caused Plaintiff to believe that he could be sued in the future if Defendant chose to so him.

46. The words "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it" led and reasonably caused Plaintiff to believe that he could be sued in the future if that law or his circumstances changed.

47. In actively attempting to deceive Plaintiff into paying the Subject Time-Barred Debt, Defendant failed to mention to Plaintiff that choosing the repayment option could restart the statute of limitations on the Subject Time-Barred Debt.

48. When Defendant sent Plaintiff the Collection Letter, the six-year statute of limitations on any debt collection action under Colorado law had expired. *See* CO Rev Stat § 13-80-103.5 (2016).

49. It is well settled law that repayment on a debt which has expired due to the statute of limitations will be revived through payment by the debtor.

50. If Plaintiff had made just a partial payment to repay that debt, unbeknownst to him, he could have revived the statute of limitations and subjected himself to the debt obligation anew. *Drake v. Tyner*, 914 P.2d 519, 522 (Colo. App.

6

1996) ("partial payment alone tolls the statute of limitations" and is a "voluntary acknowledgment of the debt from which the law implies a new promise to pay the balance.").

51. Similarly, if Plaintiff had even promised made to make a partial payment to repay that debt, unbeknownst to him, he could have revived the statute of limitations and subjected himself to the debt obligation anew. *Drake*, 914 P.2d at 522 ("under certain circumstances, a new promise to pay a debt, an unqualified acknowledgment of a debt from which a promise to pay may be implied, or a part payment of a debt will start the limitations period running anew.").

52. Plaintiff could have revived the expired statute of limitations and subjected himself to the debt obligation anew under either of these scenarios because the Collection Letter does not explain that Asset "cannot" sue him for the debt under Colorado law because of the age of the debt.

53. A *truthful* representation regarding the character and legal status of the Subject Time-Barred Debt would say "[b]ecause of the age of your debt, *we cannot* sue you for it." (Emphasis supplied).

54. Defendant attempted to trick or influence Plaintiff into reviving the Subject Time-Barred Debt.

55. The Collection Letter is calculated to induce either a payment or a response from Plaintiff acknowledging the debt and a promise to pay.

56. In the event that Plaintiff makes a payment towards the Subject Time-Barred Debt, the clock will restart on the statute of limitations period for collecting upon the Subject Time-Barred Debt.

57. Defendant attempted to lure Plaintiff into making partial payments towards the Subject Time-Barred Debt in exchange for a renewed statute of limitations period.

58. Defendant's statements within the Collection Letter are not only deceptive, but baseless, and further add to the state of confusion perpetuated by its collection practices.

59. The two federal agencies tasked with enforcing the FDCPA —the Federal Trade Commission (FTC) and the Consumer Financial Protection Bureau (CFPB)—have concluded that "'consumers can be misled or deceived when debt collectors seek partial payments on stale debt.'" Brief of Amici Curiae Federal Trade Commission and Consumer Financial Protection Bureau at p. 17, *Delgado v. Capital Management Services, LP*, 2013 WL 1194708 (No. 13-2030).[1]

60. "[A]bsent disclosures to consumers as to the age of their debt, the legal enforceability of it, and the consequences of making a payment on it, it is plausible that dunning letters seeking collection on time-barred debts may mislead and deceive unsophisticated consumers." *Id.* at p. 7.

61. Further, the FTC has found that "most consumers do not know or understand their legal rights with respect to the collection of time-barred debt, so attempts to collect on stale debt in many circumstances may create a misleading impression that the consumer could be sued." FEDERAL TRADE COMM'N, THE STRUCTURE AND PRACTICE OF THE DEBT BUYING INDUSTRY 47 (Jan. 2013)[2] (citing FEDERAL TRADE

---

[1] https://files.consumerfinance.gov/f/201309_cfpb_agency-brief_12-cv-04057.pdf

[2] https://www.ftc.gov/sites/default/files/documents/reports/structure-and-practices-debt-buying-industry/debtbuyingreport.pdf

COMM'N, REPAIRING A BROKEN SYSTEM: PROTECTING CONSUMERS IN DEBT COLLECTION LITIGATION AND ARBITRATION (2010)[3]).

62. In *Pantoja v. Portfolio Recovery Assocs., LLC*, 78 F. Supp. 3d 743, 746(N.D. Ill. 2015) the district court held that this language was clearly misleading "because it does not tell the consumer that the debt is time-barred and defendant cannot sue plaintiff to collect it, rather, it implies that defendant has chosen not to sue. The district court in *Pantoja* was affirmed, 852 F.3d 679 (7th Cir. 2017), and the Supreme Court denied Defendant's writ of certiorari. 138 S.Ct. 736 (Jan. 16, 2018).

63. The Collection Letter is intentionally deceptive and confusing to consumers and are designed induce payment on debts that are time-barred.

64. The Collection Letter was designed to force unsophisticated consumers, such as Plaintiff, to pay time-barred debts in order avoid further harassment, embarrassment, and sheer annoyance.

65. Defendant attempted to revive its right to sue on the Subject Time-Barred Debt by formulating a scheme to coerce Plaintiff into acknowledging the Subject Time-Barred Debt and reviving the statute of limitations.

66. Plaintiff has suffered from emotional distress as he believed that he will be sued for a debt for which he cannot be sued.

67. Plaintiff has incurred costs and expenses consulting with his attorneys as a result of Defendant's conduct.

---

[3] https://www.ftc.gov/sites/default/files/documents/reports/federal-trade-commission-bureau-consumer-protection-staff-report-repairing-broken-system-protecting/debtcollectionreport.pdf

68. When Defendant has mailed identically worded letters to debtors who resided in the State of Colorado, Defendant knew at the time that it mailed the letters that the debts were past the time period for which a lawsuit could be lawfully initiated to collect the debts.

69. When Defendant has mailed identically worded letters to residents in the State of Colorado in an effort to collect consumer debts purchased and owned by Defendant, Defendant knew at the time that it mailed that letters that the debts were past the time period for which a lawsuit could be lawfully initiated to collect the debts.

70. Defendant has received payments from residents in the State of Colorado in response to identically worded letters.

71. When Defendant has received the payments from residents in the State of Colorado in response to identically worded letters, Defendant knew that the statute of limitations had expired for the subject debts.

72. When Defendant has received the payments from residents in the State of Colorado in response to identically worded letters, Defendant knew that the time period to have filed a lawsuit to collect the subject debts had expired.

73. As reflected below, the phrasing of the collection letters in this deceptive, misleading and false manner likely caused at least 40, and possibly, thousands of residents of Colorado to pay monies to Defendant where these persons had no legal obligation to pay the time-barred debts.

74. This Court should require Defendant to disgorge and return any amounts that were paid to Defendant by virtue of the fact that Defendant utilized language to hide from residents of Colorado that their debts were time-barred.

**COUNT I – INDIVIDUAL CLAIM FOR VIOLATIONS OF THE FDCPA**

75. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

76. Defendant violated 15 U.S.C. §§1692e, e(10), and f, through its debt collection language used in Exhibit A.

### a. Violations of 15 U.S.C. §1692e

77. Defendant violated 15 U.S.C. 1692e by failing to advise Plaintiff that he cannot be sued on the Subject Time-Barred Debt.

78. Defendant violated 15 U.S.C. §1692e(10) by employing deceptive means to collect the Subject Time-Barred Debt.

79. Specifically, the Collection Letter used contradictory and confusing language to induce Plaintiff into paying a debt that cannot be legally enforced.

80. By failing to make clear that Plaintiff cannot be sued on the Subject Time-Barred Debt the Collection Letter caused Plaintiff to believe that Defendant could change its mind, and sue him for the debt.

81. By failing to make clear that Plaintiff cannot be sued on the Subject Time-Barred Debt the Collection Letter caused Plaintiff to believe that another creditor or debt collector could sue him for the debt at a later point in time.

82. These omission were deceptive because it is designed to coerce payment on a debt that cannot legally be enforced.

### b. Violations of 15 U.S.C. §1692f

83. Defendant violated 15 U.S.C. §1692f by employing unfair means to collect the Subject Time-Barred Debt from Plaintiff.

84. Specifically, it is unfair for Defendant to fail to inform Plaintiff that choosing any of the repayment options would restart the statutory period for another creditor or debt collector if the debt were to be sold.

85. Defendant acted with knowledge that its conduct would result in Plaintiff forfeiting protections afforded under the law.

86. The Collection Letter violates 15 U.S.C. § 1692f because it uses unfair and unconscionable means to attempt to collect the alleged debt by (a) failing to disclose that Defendant cannot sue to collect the alleged debt, (b) failing to disclose that even a partial payment or promise to pay may restart the relevant statute of limitations in the future and (c) advising Plaintiff that he had a payment deadline where the Collection Letter stated that "Your first payment must be received by: 04/27/2018".

87. Pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to actual damages, statutory damages, attorneys' fees and costs.

WHEREFORE, Plaintiff JOHN P. WILL respectfully requests that this Honorable Court enter judgment in his favor and against Defendant as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. awarding the maximum in statutory damages;

   c. Awarding actual damages in an amount to be determined at trial, for the underlying FDCPA violations;

   d. Awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k;  and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – CLASS ACTION BASED VIOLATIONS OF THE FDCPA**

88. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

89. As set forth above, Defendant violated 15 U.S.C. §§ 1692e, e(10), and f, through its debt collection language used in Exhibit A.

90. On information and belief, over 100 persons received the same Collection Letter during this time period.

91. Accordingly, Plaintiff brings this Count on behalf of the following putative class:

> All persons with Colorado addresses to whom Portfolio Recovery Associates, LLC sent, from March 13, 2017, through the present, a letter containing the following statement: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it" and the letter did not warm recipients that a partial payment could restart the statute of limitations applicable to the subject debt.

92. Alternatively, deeding on the number of letters sent during the above time period, the class could be defined as:

> All persons with Colorado addresses to whom Portfolio Recovery Associates, LLC sent, from March 13, 2017, through the present, a letter containing the following statement where the letter sought to collect a debt originally owed to FIA Card Services N.A./Bank of America N.A: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it" and the letter did not warm recipients that a partial payment could restart the statute of limitations applicable to the subject debt.

93. Pursuant to 15 U.S.C. § 1692k, Plaintiff and the Class are entitled to actual damages, statutory damages, attorneys' fees and costs.

94. The Class is so numerous that joinder of all individual members in one action would be impracticable, given the expected Class size and modest value of individual claims.

95. Plaintiff will fairly and adequately represent the Class members.

96. Plaintiff has no interests that conflict with the interests of Class members.

97. Plaintiff has retained counsel experienced in handling consumer class actions.

98. In particular, Plaintiff's lead attorney (James C. Vlahakis) is an experienced consumer class action litigator who has defended over a hundred consumer-based claims.

99. Mr. Vlahakis began defending consumer class actions in 1998 and continued to do so as a defense attorney through 2017.

100. Mr. Vlahakis has litigated over a hundred consumer-based causes of actions, including, but no limited to dozens of FDCPA based putative class actions.

101. Mr. Vlahakis has also defended and prosecuted dozens of putative class actions pursuant to the Telephone Consumer Protection Act ("TCPA") in both federal and state court.

102. In conjunction with counsel for the class members, Mr. Vlahakis has obtained Court approval of FDCPA and TCPA class class-bases settlements. *See, e.g., In Re Capital One Telephone Consumer Protection Act Litigation*, 2012-cv-10064 (N.D. Ill.) ($75 million dollar ATDS based settlement); *Prater v. Medicredit, Inc.*, 2014-cv-0159 ($6.3 million dollar ATDS wrong party settlement); *INSPE Associates v. CSL Biotherapries, Inc.* (N.D. Ill.) ($3.5 million fax based settlement).

103. Mr. Vlahakis has litigated and defeated TCPA based class certification motions. *See, e.g., Jamison v. First Credit Services, Inc.* 290 F.R.D. 92 (N.D. Ill. Mar. 28, 2013), reconsideration denied, 2013 U.S. Dist. LEXIS 105352 (N.D. Ill. July 29, 2013).

14

*See also*, *Pesce v. First Credit Services, Inc.*, 2012 U.S. Dist. LEXIS 188745 (N.D. Ill. June 6, 2012).

104. Plaintiff's other counsel are highly competent and experienced class action attorneys.

105. Neither Plaintiff nor his counsel has any interests that might cause them not to pursue these claims vigorously.

106. This action should be maintained as a class action because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual members that would establish incompatible standards of conduct for the parties opposing the Class.

107. As set forth above, Plaintiff's claims are typical of the claims of the proposed class members, claims all arise from the same operative facts and are based on the same legal causes of action.

108. Further, as set forth above, common questions predominate over any potential individual issues.

109. In particular, common questions of proof predominate over any potential individual issues.

110. A class action is an appropriate method for the fair and efficient adjudication of this controversy, and superior to other available methods for the fair and efficient adjudication of this controversy.

111. Injunctive relief in the form of disgorgement of unlawful payments received by Defendant can be accomplished on a classwide basis.

112. The likelihood that individual Class members will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, as well as the absence of a fee shifting mechanism.

WHEREFORE, Plaintiff, JOHN P. WILL, respectfully requests that this Honorable Court enter judgment in his favor and in favor of a putative class, and against Defendant, as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding statutory and actual damages, in an amount to be determined at trial, for the underlying violations;

c. in particular, disgorge and return any illegally obtained payments from class members;

d. awarding Plaintiff costs and reasonable attorney's fees; and

e. awarding any other relief as this Honorable Court deems just and appropriate.

**Date: 10/31/2018**

**Plaintiff demands trial by jury.**

/s/James C. Vlahakis
James C. Vlahakis
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
(630) 575-8181
jvlahakis@sulaimanlaw.com

*Additional Counsel*
Ahmad T. Sulaiman
Mohammed O. Badwan
Omar T. Sulaiman
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 2500
Lombard, IL 60148