**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
Honorable Marcia S. Krieger

Case No. 1:18-CV-02790-MSK-KMT

JOHN P. WILL,

      Plaintiff,

   vs.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

      Defendants.

---

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

---

NOW COMES Defendant Portfolio Recovery Associates, LLC ("PRA"), by counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6) and D.C.COLO.LCivR. 7.1, and moves to dismiss the Class Action Complaint because it fails to state a cause of action upon which relief can be granted. In support of its motion, PRA states as follows:

### STATEMENT PURSUANT TO CIVIL PRACTICE STANDARD 7.6.1

Pursuant to Civil Practice Standard 7.6.1, counsel for PRA conferred with Plaintiff's counsel via telephone to determine whether the deficiencies in the Complaint can be corrected by amendment. Counsel for both parties agree that such deficiencies cannot be corrected by amendment, requiring the instant motion.

### INTRODUCTION

Plaintiff opened a credit card with Bank of America, ran up over $7,000 in charges and fees, and ultimately defaulted. (Compl. ¶ 1, Dkt. 1.) Bank of America charged off the debt in May

1

2012 and sold the account to PRA in March 2013.  Over the next several years, PRA made several requests (by letter and phone) for payment, including a March 13, 2018 letter that provided plaintiff with several options to resolve his account.  (*Id.* ¶¶ 1–2; *see also* Ex. A to Compl., Dkt 1-2.)  By that time, plaintiff had evaded payment for so long that the debt was now beyond the applicable statute of limitations (*id.* ¶¶ 5–6), so PRA's March 13, 2018 letter included a specific disclosure to that effect: "The law limits how long you can be sued on a debt.  Because of the age of your debt, we ***will not sue*** you for it."  (*See* Ex. A to Compl., Dkt 1-2, emphasis added.)

Plaintiff now brings suit against PRA over the March 13, 2018 letter, alleging that it violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.  In Count I, plaintiff asserts, as an individual claim, that the letter violates Sections 1692e and 1692f of the FDCPA.  (Compl., ¶¶ 75–87.)  In Count II, plaintiff asserts the same claims on behalf of a putative class of Colorado residents.  (*Id.*, ¶¶ 88–93.)

Plaintiff first claims the letter violates Sections 1692e and 1692e(10), both of which prohibit the use of any "false, deceptive, or misleading misrepresentation or means" in connection with the collection of any debt.  Specifically, plaintiff claims that the letter "fail[s] to make clear that Plaintiff cannot be sued on the Subject Time-Barred Debt" (Compl., ¶¶ 80–81), notwithstanding the letter's specific disclosure that "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it."

Next, plaintiff claims that the letter violates Section 1692f, which prohibits the use of any "unfair or unconscionable means" to collect a debt.  Specifically, plaintiff claims that the letter failed to inform him that taking advantage of any of the payment offers outlined in the letter could result in the statute of limitation being restarted or revived. (Compl., ¶¶ 84, 88.)  PRA, however, did not make this disclosure for a simple reason: it is not true.  Under Colorado law, a time-barred

2

debt cannot be revived based upon making a partial payment alone. Accordingly, the omission of such a disclosure cannot form the basis for an FDCPA violation.

Finally, plaintiff completely ignores the fact that the Consumer Financial Protection Bureau ("CFPB") *required* PRA, pursuant to the terms of a September 2015 Consent Order, to use the *exact* statute of limitations disclosure that it did here.   Not only does the Consent Order demonstrate that the letter was not false or misleading, but PRA's strict compliance with the Consent Order entitles it to the FDCPA's "safe harbor" defense under 15 U.S.C. §1692k(e).  Thus, even if this Court were to determine that the disclosure is potentially misleading, the safe harbor defense would prohibit liability in this case.

For these reasons and as set out in further detail below, the complaint fails to state a claim for relief and the Court should dismiss the action with prejudice.

## LEGAL STANDARD

In considering a motion to dismiss, all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the non-movant. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).  To survive a motion to dismiss, a plaintiff's complaint must allege enough facts, taken as true, to make her claim for relief "plausible on its face.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). This requires "more than an unadorned, the-defendant-unlawfully harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in

original); *see also Southern Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998) (holding the court "need not accept conclusory allegations without supporting factual averments").

Whether a communication is "false, deceptive or misleading" under the FDCPA is governed by an objective standard, "measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." *Ferree v. Marianos*, 129 F.3d 130, 1997 WL 687693, at *1 (10th Cir. 1997) (unpublished table case) (quotations omitted). "The test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Hamilton v. Capio Partners, LLC*, 237 F. Supp. 3d 1109, 1113 (D. Colo. 2017) (internal quotations omitted). "The consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.* (internal quotations omitted).

## ARGUMENT

As an initial matter, PRA notes that the law in Colorado, as well as most every other jurisdiction, is that the expiration of the statute of limitations merely extinguishes the remedy, not the right. *Ramsey's Estate v. State Dep't of Revenue*, 42 Colo. App. 163, 167 (1979) ("While the statute of limitations may cause the remedy on a debt to be lost, it does not extinguish the debt."); *see also In re Randall's Estate*, 166 Colo. 1, 7 (1968) ("A statute of limitations, on the other hand, does not bar the right of action but only the remedy.").

As such, there is nothing unlawful about seeking voluntary repayment of debt that is no longer legally enforceable. *Buchanan* v. *Northland Grp., Inc.*, 776 F.3d 393, 397 (6th Cir. 2015) ("Legal defenses are not moral defenses…[A] creditor remains free…to let the debtor know what the debt is and to ask her to pay it…For some individuals, such letters may offer a welcome

solution to an outstanding debt."); *Huertas v. Galaxy Asset Mgt.*, 641 F.3d 28, 23–33 (3d Cir. 2011), 641 F.3d at 32–33 (explaining that because "the expiration of the statute of limitations does not invalidate a debt, but merely renders it unenforceable, the FDCPA permits a debt collector to seek voluntary repayment of the time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts."); *Freyermuth v. Credit Bureau Servs., Inc*., 248 F.3d 767, 771 (8th Cir. 2001) ("in the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid"); *see also Garrison v. Caliber Home Loans, Inc.*, 233 F. Supp. 3d 1282, 1293 (M.D. Fla. 2017) (citing on an FTC publication that states debt collectors "are allowed to contact you about time-barred claims" and the "decision to pay a time-barred debt is up to [the consumer].").   Indeed, the Supreme Court recently affirmed that, in a bankruptcy context, filing a proof of claim on a time-barred debt does not violate the FDCPA. *Midland Funding, LLC* v. *Johnson*, 581 U.S. ___, 137 S. Ct. 1407, 1415 (2017).

## I.   Plaintiff's Section 1692f Claim Fails as a Matter of Law.

Plaintiff alleges that PRA violated Section 1692f by failing to disclose that partial payment may restart or revive the statute of limitations.  Plaintiff's claim fails, however, because under Colorado law, a time-barred debt cannot be revived based upon making a partial payment alone. Therefore, plaintiff could not have been misled by the omission of language regarding the potential for revival or the creation of a new enforceable obligation, and the FDCPA claim fails as a matter of law.  *See Madinya v. Portfolio Recovery Assocs., LLC*, No. 18-CV-61138, 2018 WL 6590829, at *3 (S.D. Fla. Dec. 14, 2018) ("because a time-barred debt cannot be revived by partial payment alone under Florida law, then the least sophisticated consumer could not be misled by omission of language regarding the potential consequences of such payment").

5

Plaintiff's allegation that it "is well settled law that repayment on a debt which has expired due to the statute of limitations will be revived through payment by the debtor," is an inaccurate statement of Colorado law.  (Compl. ¶ 49.)  What is more, plaintiff misstates the holding of *Drake v. Tyner*, 914 P.2d 519, 522 (Colo. App. 1996).  (*See* Compl. ¶¶ 49–51.)  Indeed, *Drake* holds that "partial payment alone tolls the statute of limitations" *only* "in the case of a single debt *not yet barred by the statute of limitations*." *Drake*, 914 P.2d at 522 (emphasis added).  To the contrary, "where there is one debt and payment is made *after the limitations period has expired*, the debtor's intent to revive the debt must be clear and unequivocal so as to indicate the debtor's willingness and obligation to pay the debt in question." *Id*. (emphasis added).  The *Drake* court recognized the high standard to revive a time-barred debt, stating: "When a debt is already barred, a higher standard exists to revive the debt than exists to toll the statute on a debt not yet barred." *Id.* at 523; *citing* 51 Am. Jur. 2d *Limitations of Actions* § 259 (1969) ("with regard to the circumstances relied upon to constitute a new promise, it may make a difference as regards proof, whether part payment was made before or after the debt was barred.").  Indeed, partial payment is not sufficient under Colorado law to "imply a new promise to pay" a time-barred debt—instead, "the intent of the debtor must be clear." *Id.*

Here, because there is no risk that a time-barred debt will be revived by partial payment alone, neither plaintiff, nor the least sophisticated consumer, could be misled by the omission of such language. *See Madinya*, WL 6590829, at \*3; *see also Trichell v. Midland Credit Mgmt., Inc.*, No. 4:18-CV-00132-ACA, 2018 WL 4184570, at \*4–5 (N.D. Ala. Aug. 31, 2018) (no FDCPA violation because partial payment alone does not revive statute of limitations on a time-barred debt under Alabama law); *Stimpson v. Midland Credit Mgmt., Inc.*, No. 1:17-CV-00431-BLW, 2018 WL 4643110, at \*4 (D. Idaho Sept. 27, 2018) ("Because there was no risk of revival, the Court

6

concludes, as a matter of law, that [defendant's] dunning letter did not violate the FDCPA by dint of failing to include a more specific warning that a partial payment might reset the limitations clock."); *Genova v. Total Card, Inc.*, 193 F. Supp. 3d 360, 368 (D.N.J. 2016) (the partial settlement payments defendant solicited in the letter would *not* revive the statute of limitations, thus defendant did not make false, deceptive, or misleading representations concerning the potential legal status of the debt); *Gunther v. Midland Credit Mgmt., Inc.*, No. 2:17-cv-704, 2018 WL 4621764, *9–10 (D. Utah Sept. 26, 2018) (no FDCPA violation because partial payment alone does not revive statute of limitations on a time-barred debt under Utah law); *Ayres v. Portfolio Recovery Assocs., LLC*, No. 2:17-CV-01088-DN, 2018 WL 5849472 (D. Utah Nov. 8, 2018) (same).

Moreover, plaintiff seeks a disclosure that would *never* be true. Indeed, requiring PRA to state that partial payment may restart the statute of limitations would not only likely be false or misleading, but confusing. The CFPB agrees. Recent agency guidance is unanimous that no such disclosure is required, and in fact it also explains that including such a disclosure would mislead consumers to their detriment.[1] In recent years, the CFPB, through multiple studies, examined the very issue of whether the potential for revival of the statute of limitations should be disclosed. *See* CFPB Small Business Review Panel for Debt Collector and Debt Buyer Rulemaking, Outline of

---

[1]   *See In re Portfolio Recovery Assocs., LLC*, CFPB Administrative Proceeding No. 2015-CFPB-0023, Doc. 1, at Para. 126(b) (Sept. 9, 2015) ("Consent Order"), *available at* http://files.consumerfinance.gov/f/201509_cfpb_consent-order-portfolio-recovery-associates-llc.pdf; *U.S. v. Asset Acceptance, LLC*, No. 8:12–cv–182 (M.D. Fla. 2012) ("Asset Consent Decree"), *available at* https://www.ftc.gov/sites/default/files/documents/cases/2012/01/120131 assetconsent.pdf; *In re Encore Capital Group, et al*., CFPB Administrative Proceeding No. 2015-CFPB-0022, Doc. 1, at 38-39 (Sept. 9, 2015) ("Encore Consent Order"), available at http://files.consumerfinance.gov/f/201509_cfpb_consent-order-encore-capital-group.pdf. (all omitting language regarding the potential restart of the statute of limitations).

Proposals Under Consideration and Alternatives Considered, July 28, 2016 ("2016 CFPB Report") at 3, 21, *available at* http://files.consumerfinance.gov/f/documents/20160727_cfpb_Outline_of_ proposals.pdf. Based on its findings, the CFPB *expressly declined* to require any warning that partial payment might revive a time-barred debt, reasoning that "the Bureau's testing to date suggests that consumers may not fully understand such a disclosure, because it seems counterintuitive to them." *Id.* Thus, as explained by the CFPB,[2] the disclosure plaintiff seeks would be counterproductive at best, and, as explained above, would likely be false and misleading.

## II. Plaintiff's Section 1692e Claim Fails as a Matter of Law.

The disclosure in PRA's letter that it *will not sue* plaintiff is an unequivocal statement that means just that: PRA will not sue plaintiff now, or in the future, regardless of the circumstances. Indeed, this is the only logical reading of the statement "we will not sue"—to find otherwise would be a bizarre and idiosyncratic reading of the straightforward statement. Moreover, even if the statute of limitations could be revived by partial payment alone (it cannot), plaintiff fails to allege any facts to demonstrate that PRA would disregard its promise not to sue. What is more, plaintiff's promise not to sue constitutes operates as a legal waiver of any right to sue—meaning there is zero threat of potential litigation. Finally, not only have numerous courts across the country held that

---

[2] In evaluating a Rule 12(b)(6) motion, a court has discretion to review certain documents without converting the motion to one for summary judgment. A court may take "judicial notice of its own files and records, as well as facts which are a matter of public record." *Tal v. Hogan*, 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006); *see also Hodgson v. Farmington City*, 675 F. App'x 838, 840 (10th Cir. 2017) (court can take judicial notice of administrative proceedings); *Pueblo of Sandia v. United States*, 50 F.3d 856, 861 n. 6 (10th Cir. 1995) (judicial notice of government reports). In addition, on a Rule 12(b)(6) motion, a court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation omitted).

the disclosure used in PRA's letter complies with the FDCPA, but the language also precisely follows the guidance set forth by the FTC and CFPB.  As such, the disclosure "we will not sue" is an accurate and unequivocal statement conveying in simple terms that plaintiff will not be sued. Accordingly, plaintiff's claim must be dismissed.

## A. **PRA's Letter Accurately Reflects that Plaintiff Will Never Be Sued on the Debt**.

Plaintiff's claim that the letter could mislead him into believing that PRA could change its mind and sue him for the debt, or that another creditor or debt collector could later sue him for the debt, is nonsensical and must fail because PRA's letter accurately and unequivocally states "we will not sue you." (Ex. A, Dkt. 1-2.)  Courts have emphasized that the lynchpin of a viable claim under Section 1692e is inaccuracy: namely, that a debt collector conveys inaccurate information to a debtor, thereby causing him to believe something that is not true. *See Sheriff v. Gillie*, 136 S. Ct. 1594, 1601 (2016) (explaining that if a "representation is accurate" it is "not "false or misleading,") (alterations omitted).

Here, plaintiff has failed to demonstrate any inaccuracy in PRA's disclosure and categorical statement "we will not sue you."  The only reasonable conclusion that even the "least sophisticated debtor" could draw from PRA's letter is that PRA "will not sue" on the debt, "which was exactly the case and in no way misleading." *Holland v. Draper*, No. C12-1409, 2013 WL 1914388, at *3 (W.D. Wash. May 8, 2013) (holding where the only reasonable conclusion from the letter "was exactly the case" it could not be misleading); *Trichell*, 2018 WL 4184570, at *4 (collection letters do not deceptively or misleadingly imply that the debts are legally enforceable where the sentence stating that the law limits how long a debtor can be sued on a debt draws a connection between the legal unenforceability of the debt and the debt collector's promise not to sue); *see also Stimpson*, 2018 WL 4643110, at *9.  In *Stimpson*, the court granted summary

9

judgment in defendants' favor stating, "Read from the perspective of the least sophisticated consumer, [defendant's] letter does not falsely state or indirectly suggest that it has the ability to sue on the time-barred debt." *Id*. Rather, as is the case here, "the letter expressly inform[ed] [plaintiff] that (1) the law limits how long a person can be sued on a debt, and (2) due to the age of his debt, [defendant] would not sue him." *Id.*  The court was "not convinced that the least sophisticated consumer would interpret this language as a veiled message, telling him that the debt is *not* time barred, or that litigation may be forthcoming, if [defendant] so chooses." *Id.*; *see also Swann v. Dynamic Recovery Sols., LLC*, No. 4:18-CV-1000-VEH, 2018 WL 6198997, at *11 (N.D. Ala. Nov. 28, 2018).

In *Swann*, the plaintiff alleged similar allegations, namely that the letter improperly stated that the defendant "will not" sue, rather than "cannot" sue, and that such language left open the possibility that plaintiff may still be sued.  *Id.*  The court found that even if the letter contained language which plausibly could lead the least sophisticated consumer to believe that she would be sued, the disclaimer language "we will not sue you" made it clear that plaintiff would not be sued and dispelled any potentially misleading language.  *Id.*  Accordingly, the letter did not deceptively or misleadingly imply that the debts are legally enforceable.  *Id.* at *12.  The same is true here.

Moreover, even if partial payment alone was enough to revive the statute of limitations (it is not), plaintiff fails to allege any facts to demonstrate that PRA would disregard its promise not to sue.  In *Cooper v. Midland Credit Mgmt., Inc.*, No. 4:18-CV-82 (CDL), 2018 WL 6517448, at *3 (M.D. Ga. Dec. 11, 2018), plaintiff made similar claims at issue here, alleging that partial payment could potentially restart the statute of limitations and therefore expose him to a potential lawsuit.  There, the collection letter provided a similar disclosure, stating in part: "The law limits how long you can be sued on a debt…Due to the age of this debt, we will not sue you for it…" *Id.*

at *1.  Plaintiff, however, "did not allege any facts to suggest that [defendant] would disregard its promise not to sue him for the debt and instead pursue a claim against him if he made a partial payment…sufficient to revive the statute of limitations."  *Id.* at *3.  The court held that in the "absence of such factual allegations, [defendant's] letter would only be misleading or amount to an unfair means of attempting to collect a debt if the Court inferred from [plaintiff's] allegations that [defendant] would do exactly what it said it would not do: sue [plaintiff] for the debt."  *Id.* Accordingly, because plaintiff has not—and cannot—point to any facts demonstrating that PRA would disregard its promise not to sue, Plaintiff's claim must fail.

After the CFPB took over the rulemaking and enforcement of the FDCPA, it engaged in three studies to evaluate debt collection practices and consumer disclosures.  *See* 2016 CFPB Report, at 3.  Based on its own independent testing, the CFPB concluded that debt collectors *should not make* any warning or disclosure regarding the potential revival of the statute of limitations due to the potential for debtor confusion.  *Id.* at 21; *see also Boedicker v. Midland Credit Mgmt., Inc.*, 227 F. Supp. 3d 1235, 1240–41 (D. Kan. 2016) (explaining that the CFPB found that the debt collector should "inform[ ] the consumer that, because of the age of the debt, the debt collector cannot sue to recover it," but "the agency expressly declined to require any additional warning that partial payment might revive a time-barred debt.").  Instead, the CFPB proposed that debt collectors waive the right to sue on any debt that is "revived" through partial payment.  *Id.*

That is precisely what the language used by PRA achieves here.  By stating that PRA "will not sue" on the debt, PRA is expressly waiving any theoretical right to sue Plaintiff now or in the future, even if the statute of limitations were revived under state law (which, here, it is not, under Colorado law, as explained earlier).  *Boedicker*, 227 F. Supp. 3d at 1241 (explaining that by stating "Because of the age of your debt, we will not sue you for it" the debt collector "expressly agrees

11

to avoid any suit."); *see also Miran v. Convergent Outsourcing Inc.*, No. 16-CV-0692, 2016 WL 7210382, at *5 (S.D. Cal. Dec. 13, 2016) (holding the statement "we will not sue you for [the debt]" constituted a waiver of the debt collector's right to sue); *see also In re S & I Investments*, 411 B.R. 447, 451 (Bankr. S.D. Fla. 2009) (explaining that waiver is "an intentional or voluntary relinquishment of a known right."). Once PRA has relinquished the right to sue by stating that it "will not sue," any concern for the potential for revival under state law is eliminated, and the absence of the "revival" disclosure does not render the letter false or misleading. Accordingly, the letter did not violate the FDCPA and plaintiff's claim must be dismissed.

The disclosure plaintiff seeks—"we *cannot* sue you"—would not be true. (Compl. ¶ 53.) Indeed, there are circumstances under which the right to sue *could* be revived, for example, if a consumer moved to a jurisdiction where partial payment on a time-barred debt alone does restart the statute of limitations. In that instance, PRA *could*—by law—enforce the debt, making a disclosure that "we cannot sue you" potentially inaccurate. Thus, PRA's letter provides the unqualified statement "we *will not* sue," conveying in simple terms that the consumer will never be sued regarding his account, period.

In addition, in September 2015 PRA entered into a Consent Order with the CFPB pursuant to which PRA was *required* to include that exact disclosure in any letter seeking to collect on a time-barred debt: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it." *See* PRA Consent Order, ¶ 126(b), available at http://files. consumerfinance.gov/f/201509_cfpb_consent-order-portfolio-recovery-associates-llc.pdf. This is *exactly* the disclosure included on the letter sent to plaintiff in this case. Where a collection letter follows the agency-approved language, or agency-*required* language as is the case here, the letter will not mislead the least sophisticated consumer and it complies with the FDCPA as a matter of

law. *See Swann*, 2018 WL 6198997, at *11 (finding the "will not sue you" disclaimer is "the same language mandated by…the [FTC] and the [CFPB]" and therefore "this language is not deceptive"); *see also Valle v. First Nat'l Collection Bureau, Inc.*, 252 F. Supp. 3d 1332, 1341 (S.D. Fla. 2017) ("the Court does find that the fact that the two agencies charged with enforcing the FDCPA mandated the language used by the Defendant serves to reinforce its finding that the language does not constitute a false representation or a deceptive means of collecting the debt."); *Judah v. Total Card, Inc.*, No. CV 16-5881, 2017 WL 2345636, at *5 (D.N.J. May 30, 2017) ("Because this language has been endorsed by the CFPB and the FTC, the Court determines that the Collection Letter is not deceptive."); *Genova v. Total Card, Inc.*, 193 F. Supp. 3d 360, 367–68 (D.N.J. 2016) (dismissing claims where the disclosure contained "nearly identical language that both the Consumer Financial Protection Bureau ('CFPB') and Federal Trade Commission ('FTC'), two agencies tasked with enforcing the FDCPA, have required collectors of time-barred debts to adopt in publicly filed consent decrees"); *Boedicker*, 227 F. Supp. 3d at 1241 (citing the FTC and CFPB consent decrees in holding that the disclosure complies with the FDCPA); *Olsen v. Cavalry Portfolio Servs., LLC*, No. 15- 2520, 2016 WL 4248009, at *2 (M.D. Fla. Aug. 11, 2016) (holding that because the collection letter "adopts language recently approved by the Consumer Financial Protection Bureau" the plaintiff failed to state a claim).

In fact, the very disclosure that PRA used in this case has been held not to violate the FDCPA. *See Burgess v. Portfolio Recovery Assocs., LLC*, No. 16-1463, 2017 WL 2471802, at *4 (C.D. Cal. Mar. 23, 2017) (holding that identical letter did not violate the FDCPA because "[t]he Letter explicitly contained language regarding [PRA's] inability to sue on the debt. This language informs the least sophisticated debtor that LLC is not able to take legal action to collect this debt."); *Filgueiras v. Portfolio Recovery Assocs., LLC*, No. 15–8144, 2016 WL 1626958, *11 (D.N.J. Apr.

25, 2016) (letter from PRA did not violate the FDCPA because the language "we will not sue" specifically disclaimed litigation).

In contrast, the cases on which plaintiff's theory presumably rests are distinguishable because the letters at issue in those cases did not contain *any disclosure* relating to the time-barred nature of the debt, let alone the express disclosure present in the letter at issue here—i.e., "the law limits how long you can be sued on a debt." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1015 (7th Cir. 2014) (no disclosure in the two letters at issue); *see also Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 513 (5th Cir. 2016) ("a collection letter seeking payment on a time-barred debt (*without disclosing* its unenforceability) but offering a "settlement" and inviting partial payment (*without disclosing* the possible pitfalls) could constitute a violation of the FDCPA.") (emphasis added); *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 396 (6th Cir. 2015) (no disclosure in the letter); *see also Jones v. Synergetic Commc'n, Inc.*, No. 18-CV-1860-BAS-RBB, 2018 WL 6062414 (S.D. Cal. Nov. 20, 2018) (distinguishing *Pantoja*-related cases and dismissing similar FDCPA suit).

None of those cases held that PRA's disclosure here or any disclosure using similar language violated the FDCPA.  In fact, two of the decisions suggest just the opposite: that the language used by PRA would satisfy the FDCPA.  Specifically, both *McMahon* and *Buchanan* expressly refer to the disclosure in the consent order issued by the FTC in *United States v. Asset Acceptance, LLC,* No. 8:12–cv–182 (M.D. Fla. 2012), as complying with the FDCPA—and the language from that consent order is identical to the language used by PRA.  *See McMahon*, 744 F.3d at 1015–16 (explaining that the "decree requires the company to disclose to consumers whether it knows or believes that a debt was incurred outside the limitations period, using this language: 'The law limits how long you can be sued on a debt. Because of the age of your debt,

14

we will not sue you for it.'"); *Buchanan*, 776 F.3d at 400 (finding that using the statement "The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency" would "*correct[] any possible misimpression* by unsophisticated consumers without venturing into the realm of legal advice.") (emphasis added).

Moreover, *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 686 (7th Cir. 2017), is distinguishable. There, plaintiff was sent a letter "offering to settle this account FOR GOOD!" *Id.* at 852 F.3d at 682. At the bottom of the letter, it stated: "Because of the age of your debt, we will not sue you for it and we will not report it to any credit reporting agency." *Id.* Notably, however, the letter omitted the required language from the consent decree indicating that "the law limits how long a debtor can be sued on the debt." *Id.* at 686. The court held that the omission left the consumer to wonder whether the debt collector *chose* not to sue on a legally enforceable debt as opposed to the debt not being legally enforceable because of the limitations period. *Id.*; *see also Miran v. Convergent Outsourcing, Inc.*, No. 16-00692, 2017 WL 1410296, at *6 & n.4 (S.D. Cal. Apr. 20, 2017) (distinguishing *Pantoja* because the letter in that case left out the language regarding "the law limiting how long you can be sued for a debt"); *Trichell*, 2018 WL 4184570, at *4. By contrast here, as the court found in *Trichell*, "the collection letter[] include[s] a sentence stating that the law limits how long a debtor can be sued on a debt," which "draws a connection between the legal unenforceability of the debt and the debt collector's promise not to sue." *Trichell*, 2018 WL 4184570, at *4. "Accordingly, unlike in *Pantoja*, the collection letter[] here [does] not deceptively or misleadingly imply that the debts are legally enforceable." *Id.*

Moreover, in *Jones v. Synergetic Commc'n, Inc.*, the court rejected plaintiff's reliance on *Pantoja*-related cases and granted defendant's motion to dismiss regarding nearly identical

allegations. 2018 WL 6062414 at *8.  There, the collection letter included a similar disclosure, stating: "The law limits how long you can be sued on a debt. Because of the age of your debt, the creditor listed on the debt will not sue you for it and neither the creditor listed on this letter or our office will report the debt to any credit reporting agencies." *Id.* at *3.  As is the case here, plaintiff alleged (1) the letter was misleading and deceptive because the letter states defendants "will not sue" rather than "cannot sue;" (2) defendants failed to disclose that payment would restart the statute of limitations; and (3) defendants failed to disclose that plaintiff could not be sued on the debt.  *Id.*  In dismissing plaintiff's first claim, the court distinguished the cases relied upon by plaintiff[3] by finding that those cases, unlike here, included "settlement" offers directed to the respective plaintiff which could connote litigation." *Id.* at *4.  Moreover, unlike the disclosure in this case, those cases involved letters which did not contain the language that "the law limits how long you can be sued on the debt." *Id.*  As such, the court found that plaintiff's "Section 1692e claim regarding the Letter's use of 'will not sue' thus reduces to a mere 'idiosyncratic' interpretation regarding the Letter's language, requiring the Court to strain to find an ambiguity that could mislead the least sophisticated consumer where none plausibly exists. Plaintiff's interpretation is thus insufficient to sustain his FDCPA claim on a motion to dismiss." *Id.* at *8.

The same is true here: PRA's letter complies with the CFPB consent order, does not mention "settlement," and includes the required language that "the law limits how long you can be sued for a debt."  What is more, the statement "we will not sue" conveys in simple, unequivocal

---

[3] *See Tatis v. Allied Interstate, LLC*, 882 F.3d 422 (3d Cir. 2018); *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679 (7th Cir. 2017); *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507 (5th Cir. 2016); *Buchanan*, 776 F.3d at 395; *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014).

terms that the consumer will never be sued regarding his account.  Accordingly, plaintiff's FDCPA

claim must be dismissed.

### III.   The FDCPA's "Safe Harbor" Defense Defeats Plaintiff's Claims.

As noted earlier, the September 2015 Consent Order requires PRA to use the following

disclosure when seeking to collect on a time-barred debt:  "The law limits how long you can be

sued on a debt.  Because of the age of your debt, we will not sue you for it." *See* PRA Consent

Order, ¶ 126(b), available at http://files.consumerfinance.gov/f/201509_cfpb_consent-order-

portfolio-recovery-associates-llc.pdf.  This is *exactly* the disclosure included on the letter sent to

plaintiff in this case.

The FDCPA expressly affords protection from any liability where the conduct is "in good

faith conformity with any advisory opinion of the FTC."  *Jerman v. Carlisle, McNellie, Rini,*

*Kramer & Ulrich LPA*, 559 U.S. 573, 588 (2010) (citing 15 U.SC. § 1692k(e)); *see also*

*Evankavitch v. Green Tree Servicing, LLC*, 793 F.3d 355, 363 (3d Cir. 2015) (explaining that

Section 1692k(e) provides "a safe harbor for a debt collector that seeks and receives legal opinions

from the Consumer Financial Protection Bureau before they proceed.").  Specifically, the safe

harbor provides:

> No provision of this section imposing any liability shall apply to any
> act done or omitted in good faith in conformity with any advisory
> opinion of the Commission, notwithstanding that after such act or
> omission has occurred, such opinion is amended, rescinded, or
> determined by judicial or other authority to be invalid for any
> reason.

15 U.S.C. §1692k(e).

In analyzing the safe harbor, the Supreme Court highlighted "the role Congress evidently

contemplated for the FTC in resolving ambiguities in the Act."  *Jerman*, 559 U.S. at 588.  Here,

the FTC and CFPB—the two agencies responsible in enforcing the FDCPA—have clearly spoken

on the agencies' interpretation of the requirements of a letter seeking to collect on a time-barred debt. The agencies have issued reports, findings and consent orders addressing this very issue—the disclosures relating to collecting time-barred debt. *See* PRA Consent Order; FTC/Asset Consent Order; 2016 CFPB Report; Encore Consent Order. The agencies have drafted the language that will adequately protect consumers. The CFPB evaluated this issue specifically with respect to PRA and mandated that it use the language contained in the letter sent to plaintiff.

Because PRA's disclosure complied with the express interpretation and requirements of the CFPB, Section 1692k(e) precludes liability in this case. Accordingly, plaintiff's FDCPA claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Portfolio Recovery Associates, LLC respectfully requests that the Court grant its motion to dismiss in its entirety and enter an order dismissing the Complaint with prejudice.

Dated:  January 23, 2019                    Respectfully Submitted,

By:    */s/ David L. Hartsell*
One of Its Attorneys

David L. Hartsell
McGuireWoods LLP
77 West Wacker Dr., Ste. 4100
Chicago, IL 60601-1818
(312) 849-8100
dhartsell@mcguirewoods.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was electronically filed on this day, January 23, 2019, with the Clerk of the Court using the CM/ECF system which will send notice of service to all attorneys of record.

*/s/ David L. Hartsell*